STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Special Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5051
    FAX: (408) 535-5081
    dkassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MIN HAO WU,<br><br>    Defendant. | Case No. 5:21-mj-70910-MAG<br><br>STIPULATION AND<br>PROTECTIVE ORDER |

       Plaintiff United States of America, by and through STEPHANIE M. HINDS, Acting United

States Attorney for the Northern District of California, and DANIEL N. KASSABIAN,

Special Assistant United States Attorney for the Northern District of California, and the defendant,

MIN HAO WU, through his undersigned counsel, hereby stipulate and agree as follows:

       a)     This is a case in which the defendant is charged with crimes involving victims and/or

witnesses who are minors (the Child Victims). As such, the Child Victims are entitled to certain

statutory protections, including: (1) Title 18, United States Code, section 3509, which affords certain

confidentiality protections to the Child Victims, including the requirement that the Child Victims' names

not be included in any public filings and that the parties keep the names of child victims in a secure

place to which no person who does not have reason to know their contents has access; (2) Title 18, United States Code, section 3771, which affords any victim of a crime the right to be treated with fairness and respect for his or her dignity and privacy; and (3) Title 18, United States Code, section 3509(m), which provides that a court shall deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.

b) Some of the discovery materials the government intends to produce in this case may include materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. The names and other personal information of Child Victims;

3. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

4. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information");

c) The government seized or otherwise obtained certain electronic devices from the defendant ("Defendant's Electronic Devices") that may contain private and confidential information relating to Child Victims and other individuals, including potentially personally identifiable information such as account numbers, social security numbers, and dates of birth. Due to the nature in which the information is stored, it cannot practicably be redacted.

THEREFORE, THE PARTIES STIPULATE AND AGREE that the Court should enter an order restricting the disclosure of the Protected Information described above as follows:

1. All Protected Information produced by the government in this matter that is not

maintained on Defendant's Electronic Devices shall be stamped on its face "PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER – PM CHECK." All information stored on Defendant's Electronic Devices, forensic images thereof, and data acquisitions therefrom, will also be deemed Protected Information and subject to the terms of this Protective Order.

2. The following individuals (the "Defense Team") may access and review Protected Information for the sole purpose of preparing the defense and for no other purpose:

a) Counsel for defendant who have made an appearance in this matter; and

b) Persons employed by defense counsel to assist with the preparation of the defense, including legal assistants, experts, and investigators, but only after any such individual has reviewed, signed, and dated a copy of this Protective Order to reflect his or her agreement to be bound by it.

3. The Defense Team may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **_entirely redacted_** from the discovery materials. Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, a defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

4. The Defense Team may show witnesses Protected Information in the course of preparing a defense if the witness, by reason of their participation in the proceeding, would have seen or had reason to know such information. Witnesses may only view Protected Information in the presence of the Defense Team, and the Defense Team agrees to keep a log reflecting the date(s) on which a particular witness viewed Protected Information and what specific Protected Information was viewed.

5. The Defense Team shall not disclose the substance of any Protected Information received from the government in the above-captioned matter to any third party without the express written permission of the government or the approval of this Court.

6. The Defense Team shall refer to any Child Victim only by his or her self-identified

pseudonym or first and last initials in all pleadings and at any court hearings.

7.      If the Defense Team files a pleading that references, contains, or attaches Protected Information subject to this Protective Order, any portion of that pleading that references, contains, or attaches Protected Information must be filed under seal. The Defense Team shall comply with Criminal Local Rule 56-1 to ensure that Protected Information is not improperly disclosed but that any sealing order is limited to those portions of the pleading for which there is a valid basis to seal.

8.      All review and examination of forensic images of, and data acquisitions from, Defendant's Electronic Devices will be conducted at the offices of the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), located at 280 South 1st Street, Suite 190, San Jose, CA 95113 ("HSI's facility"). The examination will be conducted in the presence of an HSI agent or other government representative, but such person will be positioned to not view Defense Team work product while also ensuring no child pornography leaves the reviewing room. The reviewing room will be equipped with a computer that will permit the Defense Team to access a hard drive containing images of, and/or data acquisitions from, the Defendant's Electronic Devices. The reviewing computer will have software installed on it that will permit the Defense Team to access and analyze the data. Additional software tools may be installed on the reviewing computer at the request of the Defense Team and with the prior approval of the HSI.

9.      The Defense Team shall not make, nor permit to be made, any copies of the alleged child pornography contained in the forensic images of, and data acquisitions from, Defendant's Electronic Devices and shall not remove any child pornography from HSI's facility. The Defense Team will be allowed to copy electronic information that is not contraband and compile a report without contraband images or videos documenting the examination, and this information may be stored on removable media that may be removed from HSI's facility subject to confirmation by HSI agents that the removable media does not contain child pornography.

10.     With advance notice to the HSI, the Defense Team may request, and HSI will provide at HSI's facility and at cost to the Defense Team, a blank external storage drive specified by the Defense Team to be used as a temporary digital workspace during the review and examination of the Electronic Information. That drive will be stored in a secure location at HSI's facility and will not be accessed or

reviewed by any HSI agent or other government representative. After the Defense Team has finished its review, or at such earlier time as the Defense Team requests, the drive will be erased, reformatted, and written confirmation of such provided to the Defense Team.

11. After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, defense counsel shall notify the government so that the government can request materials subject to this Protective Order (including any copies) be returned to the United States. To the extent that the Defense Team intends to maintain possession of the Protected Information, it must so do under conditions specified in this Protective Order. If the Defense Team cannot ensure that the material will be kept under the conditions specified in this Order, the Defense Team will destroy the material.

12. Any disputes about this Protective Order, including any dispute about the government's decision to designate materials as Protected Information, shall be resolved by this Court only after counsel for the United States and the defendant have first conferred and attempted to resolve the dispute. Defense counsel shall first raise any disputed designation with the government in writing. If the government does not then agree to change the designation, the defense may raise the issue with the Court.

13. This stipulation is without prejudice to any party applying to the Court to modify the terms of this Protective Order. This Court shall retain jurisdiction to modify this Protective Order upon motion of any party even after the conclusion of district court proceedings in this case.


**IT IS SO STIPULATED.**                          STEPHANIE M. HINDS
                                                  Acting United States Attorney


Dated: June 3, 2021                                  /s/
                                                  _____
                                                  DANIEL N. KASSABIAN
                                                  Special Assistant United States Attorney


Dated: June 3, 2021                                  /s/
                                                  _____
                                                  ERIK G. BABCOCK
                                                  Counsel for Defendant MIN HAO WU

**IT IS SO ORDERED.**

Dated: <u>June 4, 2021</u>



_____
DONNA M. RYU
United States Magistrate Judge